IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. JKB-11-0003 |
| RODNEY PETERS, | * |
| Defendant | * |

## MEMORANDUM AND ORDER

Rodney Peters pled guilty on April 9, 2012, to conspiracy to possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 846, 860. (ECF No. 784.) Peters's plea was pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). (Plea Agmt. 3, ECF No. 796.) Thus, Peters agreed with the Government "that the sentence outlined in paragraph 8 is an appropriate disposition of the case. The Defendant understands that a sentencing guidelines range for this case (henceforth the 'advisory guidelines range') will be determined by the Court pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551–3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991–998." (*Id.*)

Further, the plea agreement included a stipulation that "a sentence of imprisonment of 240 months is the appropriate disposition of this case . . . [and] that at the conclusion of any term of imprisonment, that the Defendant shall be placed on supervised release for a period of ten (10) years." (*Id.* 3-4.) Judgment was imposed according to the plea agreement (Sept. 9, 2012, Judgment, ECF No. 1005) and affirmed on appeal (Apr. 10, 2013, ECF No. 1091).

On November 17, 2014, Peters's *pro se* "Defendant's Motion Request for the Two-Level Reduction and Motion Request for the Appointment of Counsel for the Reduction of Sentence,

Pursuant to § 3582(c)(2), Based on the Retroactive Amendment Passed into Law on November 1, 2014" was docketed. (ECF No. 1170.) The Government filed its opposition on May 11, 2017, and contended Peters was "not eligible for a sentence reduction because his Rule 11(c)(1)(C) plea was not based upon a specified drug quantity guideline range." (ECF No. 1281.) The Court agreed with the Government and denied Peters's motion. (June 16, 2017, Order, ECF No. 1283.) A copy was mailed by the Clerk to Peters on June 19, 2017.

On July 7, 2017, Peters's motion for extension of time to file a reply on his Amendment 782 motion was docketed (ECF No. 1284), and his reply was docketed on July 27, 2017 (ECF No. 1286). Peters's reply, however, merely stated his objection to the Government's response and asked for discretionary relief. (*Id.*)

On July 23, 2018, the Clerk docketed Peters's "Affidavit in Support of a Motion under 18 U.S.C. § 3582(c)(2)," with his original Amendment 782 motion attached as well as the Government's response. (Affidavit, ECF No. 1324.) In his Affidavit, Peters argued that, in light of *Hughes v. United States*, 138 S. Ct. 1040 (2018),[1] he was "now permitted to file for a 'Minus-2' point reduction under Amendment 782, where [he is] eligible for such relief via § 3582(c)(2)[,] notwithstanding[] the Rule 11(c)(1)(C) plea entered in [his] case." (Affidavit 1-2.)[2]

The *Hughes* Court ruled that as long as a defendant's Sentencing Guidelines range "was part of the framework the district court relied on in imposing the sentence or accepting the agreement," then a "C" plea agreement is "based on" that range. 138 S. Ct. 1765, 1775 (2018).

---

[1] The correct citation to the Supreme Court's opinion on the merits is 138 S. Ct. 1765.

[2] Peters takes issue with his earlier motion as somehow having been filed on his behalf by someone unknown. (*See* Peters's Motion for Clarification and Notice of Status, ECF No. 1334.) That was not the case. The motion he attaches to his Affidavit is a copy of the one he filed earlier *pro se*. *Compare* ECF No. 1170 *with* ECF No. 1324-1. It was his own *pro se* motion that was denied in the Court's order of June 16, 2017.

2

Consequently, such a defendant is eligible for a reduction of sentence under 18 U.S.C. § 3582(c)(2). *Id.*

To account for this more expansive interpretation of the governing case law in relation to § 3582 reduction-in-sentence motions, the Court will require the Government to respond to Peters's Affidavit, construed as a motion. The Government shall file its response by **September 24, 2018**. Peters's reply, if any, shall be filed by **October 24, 2018**.

SO ORDERED.

DATED this 22 day of August, 2018.

BY THE COURT:

_____
James K. Bredar
Chief Judge