# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | CRIM. NO. JKB-11-0003 |
| RODNEY PETERS, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

In 2012, Judge Motz sentenced Defendant Rodney Peters to 240 months pursuant to a "C" plea agreement (referring to Federal Rule of Criminal Procedure 11(c)(1)(C)). Following Amendment 782, which reduced by two levels the offense levels assigned to certain drug quantities under U.S.S.G. § 2D1.1, Defendant moved to amend his sentence. *See* 18 U.S.C. § 3582(c)(2). Judge Motz denied his motion, concluding that Defendant's sentence was "based upon the plea that he entered and not upon the Sentencing Guidelines." (Order, ECF No. 1283.) After *Hughes v. United States*, 138 S. Ct. 1765 (2018), Defendant again moved to amend his sentence.

*Hughes* "significantly expanded the circumstances in which a defendant sentenced pursuant to a ["C"] plea agreement may be entitled to a sentence reduction." *United States v. Taylor*, 741 F. App'x 161, 162 (4th Cir. 2018). In *Hughes*, the Supreme Court held that a "C" plea agreement is based on the Sentencing Guidelines—as required for sentence reduction eligibility— if the sentencing court based its approval of the agreement, at least in part, on the Sentencing Guidelines. 138 S. Ct. at 1775. The Court concluded that "in most cases, a defendant's sentence will be 'based on' his Guidelines range." *Id.* at 1776. "[A]bsent clear demonstration, based on the

record as a whole," that the sentencing court discarded the range, a defendant is eligible for a sentence reduction. *Id.*

At Defendant's re-arraignment, Judge Motz stated that he was "dutybound" to ensure that "C" plea agreements complied with the Sentencing Guidelines. (4/9/12 Tr. at 6, ECF No. 1038; *see also id.* at 7 ("[I]n determining whether to accept the guilty plea, I have to take everything into account, including the statutory factors and my own discretion and the Guidelines.").) At the sentencing, Judge Motz discussed the Guidelines range determined by the presentence report, 188 to 235 months, and decided that the plea was reasonable. (9/18/12 Tr. at 9, ECF No. 1030.) The Government[1] points out that Defendant did not stipulate to a specific criminal history category and that § 2D1.1 was not mentioned at the sentencing hearing, but such omissions do not provide a "clear demonstration" that Judge Motz discarded the Guidelines after explicitly saying that they would factor into his analysis. *See, e.g., United States v. Smith*, 744 F. App'x 805, 806 (4th Cir. 2018); *United States v. Cofield*, 745 F. App'x 498, 498 (4th Cir. 2018). Consequently, the sentencing court based its approval of the "C" plea agreement on the Sentencing Guidelines.

For the foregoing reasons and in light of the January 30, 2019 hearing on the merits, an Order shall enter granting Defendant's motion for a reduced sentence.

DATED this 30 day of January, 2019.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge

---

[1] As a threshold matter, the Government argues that Defendant's motion should be denied as a successive petition relying on *United States v. Goodwyn*, 596 F.3d 233 (4th Cir. 2010), but *Goodwyn* did not involve a change in the law and stood only for the fact that, once a sentencing court has granted a reduction, it will not reconsider that reduction. *Id.* at 236.

2